932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Donald ADDISON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6046.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 James Donald Addison, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, Addison pleaded guilty to a superseding indictment charging him with conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and aiding and abetting the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. Sec. 841(a). Addison was sentenced to a nonparolable fifteen year concurrent term on each charge, an eight year term of supervised release and a $100 special assessment. The district court later vacated the supervised release term and imposed an eight year special parole term. Addison has filed numerous post-conviction motions. In this case, Addison alleged that his guilty plea was involuntary because of ineffective assistance of counsel, and that his sentence should be parolable. The district court denied the motion, finding that Addison was correctly sentenced to a nonparolable term, and that Addison had not made out a claim for ineffective assistance of counsel. On appeal, Addison reasserts his claims and requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment in part, for the reasons stated in the district court's opinion dated July 30, 1990. Addison pleaded guilty on count two to an offense which occurred on April 5, 1987. Consequently, his sentence is not parolable because the parole ineligibility provisions of 21 U.S.C. Sec. 841(b) became enforceable on October 27, 1986, when the Anti-Drug Abuse Act of 1986 (ADAA) became effective. See United States v. Blackmon, 914 F.2d 786, 789 (6th Cir.1990). Moreover, Addison did not make out a claim for ineffective assistance of counsel as a review of the record indicates that counsel's performance was not deficient. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 5
 However, we must vacate the judgment in part and remand the case for imposition of an eight year term of supervised release as Addison pleaded guilty to an offense which occurred after the effective date of the supervised release provisions of the ADAA. See Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), and vacated and remanded in part for imposition of an eight year term of supervised release pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation